UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-07-74-B-W |
| | ) | |
| PRESTON CHUBBUCK; | ) | |
| LAURENT PROVOST a/k/a | ) | |
| "Lawrence Provost", "Larry". | ) | |

**ORDER ON PRELIMINARY ORDER OF FORFEITURE**

The Court holds in abeyance the proposed preliminary orders of forfeiture in these drug trafficking cases, because the proposed orders fail to meet the requirements of the applicable statute and rule.

**I.     STATEMENT OF FACTS**

On November 16, 2007, a federal grand jury indicted Preston Chubbuck and Laurent Provost on drug conspiracy charges, and on July 16, 2008, a federal grand jury issued a Superseding Indictment against these same defendants and others. *Indictment* (Docket # 3); *Superseding Indictment* (Docket # 225). On August 21, 2008, Mr. Chubbuck pleaded guilty to Count Three of the Superseding Indictment, participating in a conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine and five grams or more of cocaine base, a violation of 21 U.S.C. § 846. *Minute Entry* (Docket # 291). On August 22, 2008, Mr. Provost pleaded guilty to Count Two of the Superseding Indictment, participating in a conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine

and five grams or more of cocaine base, a violation of 21 U.S.C. § 846.[1] *Minute Entry* (Docket # 297).

The differences between Counts Two and Three are the time-frame and duration of the conspiracies, and the number and identity of co-conspirators. The grand jury charged that the conspiracy in Count Two lasted roughly five months and ended no earlier than November 1, 2005, and that the conspiracy in Count Three picked up where the other left off and lasted roughly six months. *Superseding Indictment* at 2-3. Except for Mr. Provost, who was alleged to have been replaced by Mr. Chubbuck, and another who was charged only in Count Two, the Superseding Indictment alleges that the same people were involved in both conspiracies. *Id.* The Court interprets the Superseding Indictment to charge two separate conspiracies, each including one of the Defendants.

As part of the plea agreements, each Defendant consented to a criminal forfeiture pursuant to 21 U.S.C. § 853. Mr. Chubbuck's plea agreement stated in part:

> 7. <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including, but not limited to, a money judgment in the amount of $25,000, representing an estimate of the proceeds generated by his drug trafficking activity.

*Agreement to Plead Guilty* at 5 (Docket # 289). Mr. Provost's plea agreement stated in part:

> 7. <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including, but not limited to, a money judgment in the amount of $100,000, representing an estimate of the proceeds generated by his drug trafficking activity.

*Agreement to Plead Guilty* at 5-6 (Docket # 298).

---

[1] Mr. Provost also pleaded guilty to Count Seven, social security fraud, a violation of 42 U.S.C. § 408(a)(4), and Count Eight, conspiracy to engage in money laundering, a violation of 18 U.S.C. § 1956(h), but the Government has not proposed a forfeiture based on either of these counts.

In accordance with these agreements, the Government submitted two draft preliminary forfeiture orders and on September 11, 2008 the Court held a telephone conference of counsel to discuss certain issues generated by the proposed orders. *Minute Entry* (Docket # 314). The Government submitted revised draft preliminary orders, which cured some, but not all the Court's concerns. The orders are similar except for the references to the amounts of the forfeitures and the counts to which each defendant pleaded guilty. The proposed orders provide in part:

> 1. As a result of the guilty plea to Count [Two/Three] of the Superseding Indictment, for which the United States sought forfeiture, pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States a sum equal to the amount of proceeds he obtained as a result of the offense alleged in Count [Two/Three] of the Superseding Indictment.
> 2. The Court has determined, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the defendant shall pay [$100,000/$25,000] in the form of a personal money judgment.
> 3. The defendant's forfeiture obligation under this Order is joint and several with any forfeiture obligation imposed on any co-defendant or co-conspirator as a result of a conviction of the offense alleged in Count [Two/Three] of the Superseding Indictment (or Second Superseding Indictment).

*Draft Prelim. Orders of Forfeiture*. This Order follows.

## II.   DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) governs the issuance of preliminary forfeiture orders. Fed. R. Crim. P. 32.2(b). Rule 32.2(b)(1) provides that "on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." *Id.* Courts must take this first step whether the government seeks "forfeiture of specific property" or, as in these cases, "a personal money judgment." *Id.*; *see United States v. Reiner*, 393 F. Supp. 2d 52, 55 (D. Me. 2005). When a personal money judgment is sought, the court "must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1). This

determination follows the application of the forfeiture statute to each count "regarding which criminal forfeiture is sought." *Id.*

> The forfeiture statute that applies to Counts Two and Three provides in part:
>
> (a) Property subject to criminal forfeiture. Any person convicted of a violation of this title or title III punishable by imprisonment for more than one year *shall forfeit* to the United States, irrespective of any provision of State law - -
>    (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation . . . .
> The court, in imposing sentence on such person, *shall order*, in addition to any other sentence imposed pursuant to this title or title III, that the person forfeit to the United States *all property* described in this subsection.

21 U.S.C. § 853(a) (emphasis added). The statute also allows for the forfeiture of substitute property:

> (p) Forfeiture of substitute property.
>    (1) In general. Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant - -
>       (A) cannot be located upon the exercise of due diligence;
>       (B) has been transferred or sold to, or deposited with, a third party;
>       (C) has been placed beyond the jurisdiction of the court;
>       (D) has been substantially diminished in value; or
>       (E) has been commingled with other property which cannot be divided without difficulty.
>    (2) Substitute property. In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p).

The imperative language of § 853(a) has been interpreted to mandate that a court impose "joint and several liability with respect to forfeiture." *United States v. Pitt*, 193 F.3d 751, 765 (3d Cir. 1999); *United States v. Candelaria-Silva*, 166 F.3d 19, 44 (1st Cir. 1999) (noting that "[i]t is well established that criminal defendants are jointly and severally liable for forfeiture of the full amount of the proceeds of their criminal offense"). Moreover, the statute is not "limited to property that the defendant acquired individually but includes all property that the defendant

4

derived indirectly from those who acted in concert with him in furthering the criminal enterprise."[2] *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1996); *United States v. Black*, 526 F. Supp. 2d 870, 883-84 (N.D. Ill. 2007).

The first step under Rule 32.2(b)(1), § 853 requires the Court to ascertain and value the aggregate proceeds of the crime, here the conspiracies alleged in Counts Two and Three. According to "the familiar rule that a member of a conspiracy is responsible for the foreseeable acts of other members of the conspiracy taken in furtherance of the conspiracy," *Hurley*, 63 F.3d at 22, each co-conspirator is jointly and severally liable for the total amount that corresponds to his or her conspiracy.

Having determined the property subject to forfeiture, the Court next "must determine the amount of money that [each] defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1). According to the Government's draft orders, this amount is $100,000 for Mr. Provost and $25,000 for Mr. Chubbuck, which obligations will be joint and several with others convicted under Counts Two or Three of the Superseding Indictment. The Government's proposals suggest that these amounts are based on "a sum equal to the amount of proceeds [each Defendant] obtained as a result" of the conspiracy. However, according to § 853 and First Circuit precedent, each Defendant should forfeit a sum equal to the amount of proceeds he and all of his co-conspirators foreseeably obtained as a result of the conspiracy.

---

[2] Courts have similarly interpreted similar language in 18 U.S.C. § 1963(a), the RICO forfeiture provision. *See, e.g.*, *United States v. Hurley*, 63 F.3d 1, 22 (1st Cir. 1995) (noting that "each court of appeals that has addressed the topic has concluded that the [RICO] forfeiture provisions involve joint and several liability"); *see also United States v. White*, 116 F.3d 948, 950 (1st Cir. 1997) ("[C]ase law under 18 U.S.C. § 1963 is persuasive in construing 21 U.S.C. § 853, and vice versa."). At least two courts have concluded that the imperative language in the RICO forfeiture provision strips the court of its discretion in crafting forfeiture orders. *United States v. Corrado*, 286 F.3d 934, 937 (6th Cir. 2002); *United States v. DeFries*, 909 F. Supp. 13, 15 (D.D.C. 1995).

The statutory restriction on discretion in these forfeiture provisions contrasts with the discretion the court retains under the criminal restitution provision. Courts have interpreted the more flexible language in 18 U.S.C. § 3664(h) to allow a restitution order that apportions liability among defendants according to culpability. *United States v. Wall*, 349 F.3d 18, 26 (1st Cir. 2003); *United States v. Scott*, 270 F.3d 30, 52-53 (1st Cir. 2001).

The proposed orders are modified hybrids.[3] They fail to order forfeiture of the total amount of the proceeds involved in the conspiracy and instead order forfeiture of only the amount of the proceeds each defendant individually obtained as a result of his conspiracy. Further, they posit a specific amount to be reduced to a personal money judgment. Although premised on an individual assessment of each defendant's responsibility, the orders then impose joint and several liability with other co-conspirators for the defendant's forfeiture obligation. The interplay among these provisions raises questions about their legality, and is likely to generate enforcement confusion.

A few examples may help explain the Court's concerns. First, how are the payments credited? If a co-conspirator, who is convicted after the forfeiture order is in effect, makes a forfeiture payment, is this payment credited against the Provost / Chubbuck obligations for $100,000 and $25,000, respectively? If the Government intends not to credit Defendants with co-conspirators' payments, the order would not impose true joint and several liability as it purports to do.[4] Second, do the specific amounts attributable to each Defendant represent each conspiracy's total proceeds? If so, the Government would have to credit all payments made by Defendants to the identical obligations of all co-conspirators convicted in the future, if any. If not, given the imperative language of § 853, it is questionable whether the Court can order such partial forfeiture. Third, is the language in paragraph two intended either to cap the Provost /

---

[3] The hybrid nature of the proposed orders is seen by comparing the language of the first paragraph – "the defendant shall forfeit to the United States a sum equal to the amount of the proceeds he obtained as a result of the offense alleged in . . . the Superseding Indictment" – and the language of the second paragraph – "The Court has determined, pursuant to Rule 32.2(b)(1) . . . that the defendant shall pay [$100,000/$25,000] in the form of a personal money judgment." *Draft Prelim. Orders of Forfeiture* at ¶¶ 1, 2. The amount of the proceeds that each defendant received from his involvement in the conspiracy may not equal the specific amounts in paragraph two. The proposed orders fail to clarify whether the payment of the specified amount absolves the defendant from any further liability. In either case, the proposed orders do not comply with the process set forth in the statute and rule.

[4] True joint and several liability requires the credit because although each co-conspirator is liable for the full forfeited amount, the Government cannot collect under the forfeiture order more than the full amount. *Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 62 (1st Cir. 2001); *see Hurley*, 63 F.3d at 59 ("The government can collect [the amount subject to forfeiture] only once but, subject to that cap, it can collect from any [defendant] so much of that amount as was foreseeable to that [defendant].").

Chubbuck total forfeiture responsibility (unlikely) or to substitute property for their forfeiture liability under § 853(p)? If the former, the proposed orders omit the "including, but not limited to" language in the plea agreements, which would clarify that the order does not contemplate that by making the cash payments, these defendants have satisfied their forfeiture obligations, a result that would be contrary to case law. If the latter, there is no indication that the statutory requirements for substitution of property have been met. 21 U.S.C. § 853(p)(1)(A–E). Finally, Rule 32.2(b)(1) states that where the forfeiture is not contested, the Court's determination of the amount of the personal money judgment "may be based on the evidence already in the record, including any written plea agreement." Fed. R. Crim. P. 32.2(b)(1). Given that the Government requests such determinations here, on what evidence should the Court rely in making them?

### III. CONCLUSION

The Court will hold in abeyance any ruling on the proposed forfeiture orders in this case until the parties have clarified their intentions and explained their compliance with the statutory requirements.[5]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2008

---

[5] Unless the Court receives a draft preliminary order that adequately responds to the concerns in this Order by October 10, 2008, the Court will schedule a conference of counsel at a mutually convenient date to discuss the positions of the parties.

7